Martin v. Seeley.

SAMUEL L. MARTIN AND OTHERS, PLAINTIFFS IN ERROR, v. SIMON V. SEELEY, DEFENDANT IN ERROR.

**Sheriff:** LIABILITY FOR SERVICE RENDERED IN GUARDING PRISONER. Money received by a sheriff for keeping and guarding prisoners in a county, other than that in which he holds his office, is received by him officially ; and his sureties will be liable on his official bond therefor to the person rendering the services.

ERROR to the district court of Adams county.   Tried below before MORRIS, J.

*Batty & Ragan*, for plaintiffs in error.

The sureties upon the bond of a sheriff containing the usual conditions that he will account for all moneys that may come into his hands as such sheriff, are liable only for moneys which their principal is authorized and bound by law to receive in his official capacity as sheriff—not for that of which he becomes the voluntary custodian. *People v. Pennock,* 60 N. Y., 421. *State v. Woodman,* 36 Ind., 511. *U. S. v. Boyd,* 15 Pet., 187. *Hill v. Kemble,* 9 Cal., 71. *Schloss v. White,* 16 Cal., 65. *Sample v. Davis,* 4 Iowa (Green), 117. *State v. Medary,* 17 Ohio, 554. *Collier v. Stoddard,* 19 Ga., 274. *Eaton v. Kelly,* N. C., 110. The sureties of a sheriff are liable only for acts done by him *virtute officii,* and not for acts done by him *colore officii. Huffman v. Kopplekom,* 8 Neb., 344.

*A. H. Bowen* and *J. J. Whittier,* for defendant in error, cited: *Berrien Co. v. Bunbury,* 45 Mich., 79. *King v. The U. S.,* 99 U. S., 231. *State v. Alden,* 12 Ohio, 62. Cooley on Taxation, 499, 500. *People v. Treadway,* 17 Mich., 483. *Brobst v. Skillen,* 16 Ohio State, 382. *State v. Liedtke,* 12 Neb., 174. *McDonald v. Atkins,* 13 Id., 568. *Huffman v. Kopplekom,* 8 Id., 344.

MAXWELL, J.

In 1880 and 1881, Seeley was sheriff of Buffalo county and the keeper of the jail of that county. In the same years, Martin was sheriff of Adams county, and had committed to his custody for safe keeping a number of prisoners, whom, there being no jail in Adams county, he caused to be imprisoned in the jail of Buffalo county. Seeley presented an account of the expenses of keeping said prisoners in the Buffalo county jail to Martin, the sum claimed being $363.90. Martin thereupon copied Seeley's bill and presented it as his own account to the commissioners of Adams county, which account to the extent of $343.65 was allowed and paid. Martin failed to pay over

to Seeley the money so received.    Seeley thereupon brought an action against Martin and his sureties to recover the same.    On the trial of the cause in the court below the court directed a verdict in favor of Seeley.

A large number of errors are assigned in this court which it seems to be unnecessary to notice in detail, as the only question for determination is, did Martin receive the money in his official capacity?    That he did so receive it there is no question.    Sec. 377 of the criminal code authorizes the sheriff of any county, when there is no secure jail in his county, to convey any person committed to jail to the jail of any county in the state and confine him there.    Martin, therefore, in confining such persons as were committed to his custody for imprisonment in the jail of Buffalo county did so in his official capacity, and the money being received for such services his sureties are liable on his bond.    The court did not err, therefore, in directing a verdict for Seeley. The judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.